UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE PEGG, | ) | CASE NO. 4:09 CV 1606 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MISS C. DAVIS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 14, 2004, *pro se* plaintiff Maurice Pegg filed this action under 42 U.S.C. §1983 against Southern Ohio Correction Facility ("SOCF") Administrative Manager Miss C. Davis, Ohio State Penitentiary ("OSP") Administrative Manager Miss Parker, OSP Case Manager Mr. R. Waite, and OSP Corrections Officer L. Dillon. In the complaint, Pegg alleges staff at SOCF, Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, and the Ohio Adult Parole Authority Board Members want to have him killed. He seeks $ 1,000,000 and release from prison.

**Background**

Pegg was on parole from a sentence for robbery, breaking and entering, and carrying a concealed weapon when he was arrested on December 4, 1991 and charged with trafficking in a counterfeit controlled substance. He agreed to plead guilty to the charge and was sentenced to 180 days incarceration. He was also declared to be a parole violator. Pegg was returned to prison where he has remained incarcerated for the past eighteen years.

Pegg claims he should have been released after he served his 180 day sentence. He states:

The Director Mr. Terry J. Collins and the Ohio Parole Board wants him dead. From 1998 all the way up to 2006 inmates was hitting me in the back of the head with

> something hard. I got wrote up and lie on. The inmate that did it went to a close camp as promised by Miss C. Davis Administrative Manager. I sent paperwork to Mr. William Alleby Chief of Classification in Columbus, Ohio I told him what Miss C. Davis was doing he sent me to OSP.

(Compl. at 5.) He alleges that Davis called Parker and told her that Pegg "is a snitch he told the FBI on the staff here for killing inmates don't no one [sic] likes [sic] him. Get an inmate to kill him, then send him to a close camp and tell him when he sees the Ohio Parole Board he will get a parole cause Director Terry Collins said so." (Compl. at 5-6.) He indicates he should have been released after serving 180 days, but claims he has remained incarcerated "for what happened 29 years ago at SOCF." (Compl. at 6.) He seeks monetary damages and his release from prison.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Moreover, An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Pegg challenged his continued incarceration beyond 180 days in a previous civil rights action. *See Pegg v. Ohio Parole Board,* Case No. 5:08CV359 (N.D.Ohio filed Feb. 13, 2008). That

action was dismissed on the merits. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Pegg's factual and legal bases are identical to those previously litigated. Moreover, there is no question that the defendants in this matter are in privity with the Ohio State Parole Board, the previous defendant from which Pegg sought his relief. Res judicata, therefore, precludes Pegg from litigating this matter again.

Moreover, the same reasons justifying dismissal of Pegg's claim in the 2008 case apply to support dismissal of this claim. Pegg challenges his continued confinement and seeks release from prison. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner cannot obtain an order for release from incarceration or relief from the duration of his sentence in an action filed under 42 U.S.C. § 1983. *Id.*

Pegg's claim that Defendants are trying to have him killed must also be dismissed. Fed.R. Civ.P. 8(a)(2) mandates that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule

3

8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citations omitted). Pegg's complaint merely states that while he was at SOCF, an inmate lied to the authorities which resulted in a disciplinary conduct report for Pegg. He claims the inmate was later transferred to a prison camp under close security. Pegg then concludes that a vast conspiracy to kill him exists between two prison administrators, the parole board and the ODRC. There are no factual allegations in the complaint which reasonably suggest a facially plausible claim against any of the defendants. Accordingly, dismissal of any such claim is appropriate.

## Conclusion

Pegg's complaint is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: December 30, 2009         /s/ John R. Adams
                                 JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."